[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15071
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cv-01124-MEF-WC


LORRAINE A. THROWER,
DANA STARLING,

                                                    Plaintiffs - Appellants,

versus

JOEL ZIEGLER, Warden,
MICHAEL HAMRICK,
Institutional Duty Officer (IDO),

                                                    Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(March 28, 2013)

Before DUBINA, Chief Judge, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Appellants Lorraine Thrower and Dana Starling, appearing *pro se*, appeal the dismissal of their actions for violation of the First and Fifth Amendments to the United States Constitution, pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).  Thrower and Starling alleged that Joel Ziegler and Michael Hamrick, two federal prison officials, impermissibly curtailed their visit to an inmate in violation of prison policy.  The complaint was dismissed because qualified immunity afforded the officials protection from suit.

We review "*de novo* a district court's disposition of a summary judgment motion based on qualified immunity, applying the same legal standards as the district court."  *Durruthy v. Pastor*, 351 F.3d 1080, 1084 (11th Cir. 2003).  We resolve all issues of material fact in favor of the plaintiffs, leaving only the legal question of whether the defendant is then entitled to qualified immunity.  *Id.*

Qualified immunity shields government officials from civil suits in their individual capacities when they perform discretionary functions.  *Andujar v. Rodriguez*, 486 F.3d 1199, 1202 (11th Cir. 2007).  This protection attaches unless the officials' conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982).  Thus, qualified immunity protects "all but the plainly incompetent or those who knowingly violate

2

the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092, 1096, 89 L. Ed. 2d 271 (1986). Once the official demonstrates his actions were within the scope of his discretionary authority, the plaintiff can only overcome qualified immunity by showing that "(1) the defendant violated a constitutional right, and (2) this right was clearly established at the time of the alleged violation." *Hollowman ex rel. Hollowman v. Harland*, 370 F.3d 1252, 1264 (11th Cir 2004). We exercise discretion in deciding which prong to address first. *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S. Ct. 808, 818, 172 L. Ed. 2d 565 (2009).

We conclude from the record that Ziegler and Hamrick are entitled to qualified immunity. Here, there is no dispute that terminating a prison visit is within Hamrick's or Ziegler's authority. While Thrower and Starling couch their arguments in general terms of the First and Fifth Amendments, their real objection is that the officials violated a prison visitation policy. *See Anderson v. Creighton*, 483 U.S. 635, 639–40, 107 S. Ct. 3034, 3039, 97 L. Ed. 2d 523 (1987) (directing courts to focus on particular violations and not resolve qualified immunity questions as they pertain to "extremely abstract rights"). Despite the allegedly mandatory language of the policy, "inmates do not have an absolute right to visitation." *Caraballo–Sandoval v. Honsted*, 35 F.3d 521, 525 (11th Cir. 1994); *see Sandin v. Conner*, 515 U.S. 472, 481–82, 115 S. Ct. 2293, 2299, 132 L. Ed. 2d 418 (1995) (concluding that looking to whether regulatory language is mandatory

3

is not sensible in the context of prison regulations).  Officials, especially in the prison context, do not lose qualified immunity by mere violation of some administrative provision.  *Davis v. Scherer*, 468 U.S. 183, 194, 104 S. Ct. 3012, 3019, 82 L. Ed. 2d 139 (1984).  Thus, Ziegler and Hamrick's action did not violate any clearly established rights.

We decline to adopt a public policy exception to qualified immunity for Thrower's and Starling's particular circumstances, as the doctrine of qualified immunity reflects a careful balance "struck across the board" of civil litigation. *Anderson*, 483 U.S. at 642, 107 S. Ct. at 3040.

After reviewing the record and reading the parties' briefs, we hold that the district court properly determined that qualified immunity protects Hamrick and Ziegler from suit.  Thrower and Starling did not demonstrate a clearly established right to visit an inmate under these circumstance, and thus we do not reach the issue of whether a constitutional violation occurred.  Accordingly, we affirm the judgment of dismissal.

**AFFIRMED.**